UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAY HYMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-00336-DCLC-JEM |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE | ) | |
| and UNITED STATES DEPARTMENT OF THE | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jay Hymas's Motion for Appointment of Counsel Per Rule 23 [Doc. 38] and Defendants' Response in Opposition [Doc. 40]. During the coronavirus pandemic in 2020, Mr. Hymas was in South America, where the virus's outbreak had prompted the cancellation of his commercial flight back to the United States. [Compl., Doc. 1, at 5]. He then contacted the United States Embassy and, through the United States Department of State, secured an evacuation flight to the United States. [*Id.*]. He is now upset about the bill that he received for that flight, which he claims is "10 times the amount of what a 'full-fare economy flight' . . . was at the time," and in response to his non-payment of that bill, the Department of State allegedly put a "hold" on his passport, which he has since been unable to renew. [*Id.*].

Acting pro se, Mr. Hymas has now filed suit against the Department of State and the Department of the Treasury, bringing claims for extortion, violation of his constitutional right of his "liberty to travel," violation of his constitutional right to due process, and violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. [*Id.* at 4–5]. He requests class certification

of these claims under Federal Rule of Civil Procedure 23, "believ[ing] that many thousands if not tens of thousands of other citizens of the United States suffered the same fate" as he did. [*Id.* at 5]. To assist him in pursuing class certification, he now moves the Court for the appointment of counsel under Rule 23(g)(3), which provides that "[t]he court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." (emphasis added); *see Smith v. FirstEnergy Corp.*, No. 2:20-cv-03755, No. 2:20-cv-03987, No. 2:20-cv-03954, 2021 WL 9032912, at *1 (S.D. Ohio May 13, 2021) (observing that "Rule 23(g)(3) gives a district court discretion").

The appointment of counsel in a civil case is "a privilege," *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citation omitted), because a litigant in a civil case has no constitutional right to counsel, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Mr. Hymas, therefore, must establish that exceptional circumstances warrant the appointment of counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding . . . is justified *only* in exceptional circumstances." (emphasis added) (citation omitted))); *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011) ("It is [the movant's] burden to show that 'exceptional circumstances' exist.").

To show that exceptional circumstances exist and warrant the appointment of counsel, Mr. Hymas must address "the type of case and [his] abilities . . . to represent himself," which requires the Court to consider certain factors: "the 'complexity of the factual and legal issues involved,'" "the nature of the case," and "[Mr. Hymas's] ability to prosecute the case in a pro se capacity," *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado*, 992 F.2d at 606). Defendants maintain that Mr. Hymas fails to demonstrate that exceptional circumstances exist under these factors. [Defs.' Resp. at 1]. Although Mr. Hymas does not

expressly cite these factors in arguing that he is entitled to counsel, the Court, in deference to his pro se status, will endeavor to view his arguments through the prism of these factors. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (recognizing that a pro se litigant's "pleadings are held to a less stringent standard than those prepared by an attorney" (citations omitted)).

In moving for counsel, Mr. Hymas raises a twofold argument. First, he argues that he "is not an attorney," [Pl.'s Mot. at 1], but if the Court were to accept this argument, it would have to appoint counsel to all pro se parties because of their pro se status. This argument runs crosswise with case law—namely, the case-specific factors that Mr. Hymas must satisfy—and without some explanation as to why this case is especially complex legally or factually, Mr. Hymas's pro se standing is not an exceptional circumstance that justifies the appointment of counsel on his behalf. *See United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) ("[P]*ro se* status alone and lack of legal knowledge d[o] not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only be exceptional circumstances, such as the presence of facts or legal issues so novel as to require the assistance of a trained practitioner.'" (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)); *see generally Cavin v. Mich. Dep't of Corrs.*, 927 F.3d 455, 461 (6th Cir. 2019) ("It is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule."). And even without the assistance of counsel, Mr. Hymas, apart from some initial difficulty with effecting service of process, has ably represented himself to date. He has, for instance, demonstrated a command for the Court's local rules, *see* [Pl.'s Notice of Violation of Court Rules, Doc. 15], and some aptitude for motion practice, *see* [Pl.'s Mot. for Default J., Doc. 17; Pl.'s Mot. for

3

Recusal, Doc. 29; Pl.'s Mot. for Recons., Doc. 30; Pl.'s Mot. for Appointment of Counsel, Doc. 38; Pl.'s Mot. for Extension of Time, Doc. 39].

Second, Mr. Hymas argues that he requires the appointment of counsel because "it is improper" for him to make "legal arguments that implicate the interests of the class." [Pl.'s Mot. at 1]. Mr. Hymas is correct in arguing that he cannot make arguments on behalf of a putative class; after all, as a pro se litigant, he cannot appear pro se on behalf of anyone but himself, much less on behalf of a class. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others." (citing 28 U.S.C. § 1654)); *Cohen v. Att'y Gen. of Mass.*, No. CA 11-115-NMG, 2011 WL 5008088, at *7 (D. Mass Oct. 18, 2011) ("Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicenced [sic] lay people to represent other *pro se* litigants." (citation omitted)); *Powers v. NWA, Inc.*, No. 05-2468-B/P, 2006 WL 984738, at *2 (W.D. Tenn. Apr. 13, 2006) ("The Court's orders make clear that the denial of class action status was solely due to the fact that the plaintiff is proceeding *pro se*. . . . [P]laintiff cannot appear *pro se* on behalf of anyone other than herself."). And even if Mr. Hymas could legally appear pro se on a class's behalf, the Sixth Circuit "consider[s] the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding pro se cannot adequately represent a class." (citation omitted)); *see also* Fed. R. Civ. P. 23(a)(4) (providing that a prerequisite of class certification is the representative's ability to "fairly and adequately protect the interests of the class").

4

But the fact that Mr. Hymas is ill-suited to represent the putative class himself does not mean he is entitled to the appointment of counsel as a matter of course, lest the class-action suit perish. In fact, many courts will reject out of hand a pro se litigant's attempt to bring a class-action suit because, again, a pro se litigant cannot adequately protect the class's interests. *See Christian Separatist Church Soc'y of Ohio v. Ohio Dep't of Rehab. & Corrs.*, No. 18-3404, 2019 WL 1964307, at *4 (6th Cir. Feb. 13, 2019) (affirming the district court's decision to "reject[] the plaintiffs' attempt to bring their claims as a class action because they could not proceed on behalf of others without counsel" (citing 28 U.S.C. § 1654; *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001))); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative." (citing *Debrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015); *Fymbo*, 213 F.3d at 1321; *Oxendine*, 509 F.2d at 1407))).[1]

In the end, the Court is left with the same argument that it has already addressed: the argument that Mr. Hymas requires counsel because of his pro se status. *See* [Pl.'s Mot. at 1 (requesting counsel because "it is improper for Plaintiff" to represent the putative class as a non-attorney)]. This generalized argument is not enough to make the "fact-specific" showing that exceptional circumstances justify the appointment of counsel. *Edwards v. Simpson*, No. 85–5944, 1987 WL 38996, at *3 (6th Cir. Nov. 19, 1987); *see Brubaker*, 801 F. Supp. 2d at 763 (recognizing that the movant has the "burden to show that 'exceptional circumstances' exist"). And Rule 23(g)(3)—the specific rule under which Mr. Hymas moves for the appointment of

---

[1] The Sixth Circuit, however, has not *categorically* stated that a pro se litigant can *never* serve as a class representative. *See Gallant v. Holdren*, No. 19-3400, 2020 WL 9349975, at *2 (6th Cir. June 2, 2020) (recognizing a "presumption" that pro se litigants "are inadequate class representatives").

5

counsel—does not bolster his cause. Again, the Court is under no obligation to appoint counsel on a class's behalf before it certifies that class. *See* Fed. R. Civ. P. 23(g)(3) ("The court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." (emphasis added)). "Generally, courts appoint counsel" under Rule 23(g)(3) "when there are competing or similar lawsuits pending," *Wolpert v. Branch Banking Tr. & Co.*, No. 3:19-CV-138-TRM-DCP, 2023 WL 3263487, at *4 (E.D. Tenn. Mar. 23, 2023) (citing *Troy Stacy Enters. Inc.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 868 (E.D. Mich. 2019))), but as Defendants correctly argue, Mr. Hymas does not assert that similar lawsuits exist in this district or elsewhere, [Defs.' Resp. at 2–3].

In sum, "[i]t is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *Cavin*, 927 F.3d at 461. Mr. Hymas fails to meet his burden of establishing that this case is one of those rare cases requiring the appointment of counsel, and the Court therefore declines to channel "precious taxpayer funds" toward his representation, *United States v. Mosely*, 779 F. Supp. 2d 398, 400 (D. Mass. 2011), to which he has no constitutional right, *Lavado*, 992 F.2d at 605–06. His Motion for Appointment of Counsel Per Rule 23 [Doc. 38] is **DENIED**. His Motion for Extension of Time [Doc. 39] is **GRANTED**, and he shall respond to Defendants' Motion to Dismiss the Complaint [Doc. 34] by **May 9, 2025**.

    **SO ORDERED:**

                                        s/ Clifton L. Corker
                                        United States District Judge