| | | |
|---|---|---|
| JAY HYMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-00336-DCLC-JEM |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE | ) | |
| and UNITED STATES DEPARTMENT OF THE | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jay Hymas's Motion for Reconsideration and Motion for Recusal [Doc. 44]. A pro se litigant, Mr. Hymas brings suit against the United States Department of State and the United States Department of the Treasury, with claims for extortion, violation of his constitutional right to travel, violation of his constitutional right to due process of law, and violation of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq*. [Compl., Doc. 1, at 4–5]. He moves for a preliminary injunction against Defendants, [Pl.'s Mot. for Preliminary Inj., Doc. 33], and also requests class certification of his claims under Federal Rule of Civil Procedure 23, [Compl. at 5].

Seeking assistance in pursuing class certification, Mr. Hymas recently moved the Court for appointment of counsel under Rule 23(g)(3), which provides that "[t]he court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." (emphasis added); *see Smith v. FirstEnergy Corp.*, No. 2:20-cv-03755, No. 2:20-cv-03987, No. 2:20-cv-03954, 2021 WL 9032912, at *1 (S.D. Ohio May 13, 2021) (observing that "Rule 23(g)(3) gives a district court discretion"). The Court denied his motion,

[Mem. Op. & Order, Doc. 42, at 1–6], and he now moves the Court to reconsider its denial of his motion and to recuse itself.

### A. Reconsideration

As an initial matter, the Court notes that Ms. Hymas does not specify the federal rule of procedure under which he is moving for reconsideration. A motion for reconsideration is normally "construed as [a] motion[] to alter or amend the judgment under Federal Civil Rule 59(e)," *In re Akron Cleveland Auto Rental, Inc.*, No. 89-3793, 1989 WL 148350, at *1 (6th Cir. Dec. 8, 1989) (citations omitted), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e); *see* Fed. R. Civ. P. 60(b) (allowing for reconsideration of "final" orders and judgments). The Court's denial of Mr. Hymas's motion for appointment of counsel, however, does not constitute a judgment or final order. *See Thankachen v. State Farm Fire & Cas. Co.*, No. 09-13226, 2011 WL 2357888, at *1 (E.D. Mich. June 10, 2011) ("An order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978))). Rather, it is a non-final order or interlocutory order.

Although the Federal Rules of Civil Procedure do not expressly permit the Court to reconsider these types of orders, the Sixth Circuit has recognized that district courts may reconsider them under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009) (observing, in a habeas case, that a district court can revise a non-final order under Rule 54(b) "at any time prior to final judgment"). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and footnote omitted).

In moving for reconsideration, Mr. Hymas does not expressly identify any one of these three factors as a basis for his motion; instead, he claims that the Court committed "plain error," which most closely resembles "clear error" under the third factor. "The term 'clear error' is not well-defined in the Sixth Circuit, but it does 'clearly indicate[] that a high standard applies.'" *Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (alteration in original) (quotation omitted)); *but see Jackson v. Ford Motor Co.*, No. 1:15-cv-1180, 2016 WL 4533028, at *1 (W.D. Tenn. Mar. 21, 2016) ("A 'clear error of law' occurs where the original ruling 'overlooked or disregarded' some 'argument or controlling authority' or where the moving party 'successfully points out a manifest error[.]'"). Mr. Hymas asserts that the Court, in denying his motion for appointment counsel, erred because it misconstrued his motion by wrongly believing that he was "seeking counsel for himself and not the class." [Pl.'s Mot. for Recons. & Recusal, Doc. 44, at 1].

As the Court previously noted, Mr. Hymas raised two arguments in seeking counsel. First, he argued that he "is not an attorney," [Pl.'s Mot., Doc. 38, at 1], and second, he argued that he required counsel because "it is improper" for him make "legal arguments that implicate the interests of the class." [*Id.* at 2]. As a pro se litigant, Mr. Hymas is entitled to a liberal

3

construction of his pleadings, *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985),[1] so the Court, when ruling on his motion for appointment of counsel, addressed *both* whether exceptional circumstances warranted appointment of counsel, *see* [Mem. Op. & Order, Doc. 42, at 2–5], *and* whether Rule 23(g) warranted appointment of counsel, *see* [*id.* at 6 ("And Rule 23(g)(3)—the specific rule under which Mr. Hymas moves for the appointment of counsel—does not bolster his cause. 'Generally, courts appoint counsel' under Rule 23(g)(3) 'when there are competing or similar lawsuits pending,' but as Defendants correctly argue, Mr. Hymas does not assert that similar lawsuits exist in this district or elsewhere[.]" (citations omitted))]. Mr. Hymas's argument that the Court misconstrued his motion, and committed clear error along the way, is therefore fallacious, and his motion for reconsideration [Doc. 44] is **DENIED**.

**B. Recusal**

Next, Mr. Hymas seeks the Court's recusal, arguing that "recusal is warranted . . . to preserve the perception of impartiality and duty." [Pl.'s Mot. for Recons. & Recusal, Doc. 44, at 3]. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Recusal is mandated," however, "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (citations omitted). A federal judge "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). Bias or prejudice must "emanate[] from some source *other* than participation in the proceedings," or in other words, it must come

---

[1] In denying Mr. Hymas's motion for counsel, the Court noted that his "pleadings are held to a less stringent standard than those prepared by an attorney." [Mem. Op. & Order, Doc. 42, at 3 (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001))].

from an extra-judicial source. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (emphasis added) (citation omitted); *see id.* at 1251–52 ("Prejudice or bias must be personal, or extrajudicial, in order to justify recusal. 'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. . . . The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" (alterations in original) (citation omitted) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965))).[2]

Mr. Hymas raises two grounds for recusal—neither of which would lead a reasonable person to question the Court's impartiality, and neither of which constitutes an extra-judicial source of bias. First, he asserts that recusal is necessary because he is displeased with how the Court ruled on his motion for appointment of counsel. *See* [Pl.'s Mot. for Recons. & Recusal, Doc. 44, at 2 ("It is not plausible that a court can be so inattentive or lacking the mental capacity to know these things address thus far, it must be concluded that this court either did not read the subject motion or is purposely sabotaging this case.")]. But the Court's legal rulings—even if they are incorrect—do not constitute an independent basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source[.]" (citation omitted)); *In re Jones*, No. 20-6277, 2021 WL 1811625, at *1 (6th Cir. Feb. 2, 2021) ("Prejudice may generally not be established by challenging the correctness of a judicial ruling." (citing *Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006))).

---

[2] The extrajudicial-source requirement applies both to § 455(a) and § 455(b)(1). *Liteky v. United States*, 510 U.S. 540, 553 (1994).

Second, Mr. Hymas seeks the Court's recusal because, in his view, the Court "refuses to hold a hearing and adjudicate [his] Motion for Injunctive Relief." [Pl.'s Mot. for Recons. & Recusal, Doc. 44, at 2]. In this vein, he complains that his motion for injunctive relief has gone "unheard for approximately 20 months and counting." [*id.*]. His displeasure with the pace of this case's movement is not a basis for the Court's recusal, however. *See Rosa-Diaz v. Riviello*, No. 1:19-CV-1914, 2021 WL 12178484, at *2 (M.D. Pa. June 10, 2021) ("[Plaintiff] seeks our recusal because he perceives that we are biased against him since [we] have not acted quickly enough in granting his motion to amend. However, nothing in our handling of this case exhibits the type of extra-judicial bias which is necessary for recusal."); *Law v. Pierce,* No. 19-924 (MN), 2019 WL 2420562, at *2 (D. Del. June 10, 2019) ("[Plaintiff] takes exception to this Court's recent ruling and his displeasure because he believes his cases are not being ruled upon quickly enough and both serve as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned.").

The Court has not delayed ruling on Mr. Hymas's motion for any reason. Mr. Hymas did not serve Defendants until about three months ago. *See* [Order, Doc. 32, at 2 (noting that Mr. Hymas "did not properly serve Defendants" and rejecting his request for recusal because he "simply t[ook] issue with the speed at which the instant matter is moving")]. Proper service of process "is not some mindless technicality," *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation omitted), but is in fact a prerequisite to the Court's ability to exercise personal jurisdiction over a defendant, *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). And in any case, Mr. Hymas is not necessarily entitled to an evidentiary hearing on his motion for an injunction. *See Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 427 (6th Cir. 2014)

("[D]istrict courts should conduct hearings before ruling on motions for a preliminary injunction 'where facts are bitterly contested,' but [are] not required [to hold] a hearing when no material facts are in dispute." (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007)). In sum, Mr. Hymas identifies no facts that would lead a reasonable person to question the Court's impartiality, nor does he establish the existence of an extra-judicial source of bias or prejudice. His motion for recusal [Doc. 44] is therefore **DENIED**. His deadline for responding to Defendants' motion to dismiss remains set for **May 9, 2025**.

    **SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
