| | |
|---|---|
| JAY HYMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>STATE and UNITED STATES )<br>DEPARTMENT OF TREASURY, )<br>)<br>Defendants. | 3:23-CV-00336-DCLC-JEM |

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Plaintiff brings several claims against Defendants arising from the Government's denial of his passport after he failed to pay a debt incurred for an emergency evacuation flight in March 2020. Defendants moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [Doc. 34]. Plaintiff failed to respond by his May 9, 2025 deadline. Plaintiff has also filed a Third Motion for Injunctive Relief [Doc. 33], Motion for Contempt of Court and Sanctions [Doc. 46], and Second Motion for Recusal [Doc. 48]. The Government responded in opposition to all three [Docs. 37, 47, 49].

Because the U.S. Department of Treasury is not a proper defendant and Plaintiff otherwise fails to state a claim upon which relief can be granted, Defendants' Motion to Dismiss is **GRANTED**. Accordingly, Plaintiff's Third Motion for Injunctive Relief is **DENIED AS MOOT**. And because Plaintiff has presented no factual basis to support either motion, Plaintiff's Motion for Contempt of Court and Sanctions and Second Motion for Recusal are **DENIED**.

I.  **BACKGROUND**

In early March 2020, Plaintiff was in South America when the spread of COVID-19 led to

the cancellation of his commercial return flight to the United States. [Doc. 1, pg. 5]. Plaintiff contacted the U.S. Embassy and, through the U.S. Department of State, scheduled an evacuation flight for March 27, 2020. [*Id.*]. Before he boarded this flight, Plaintiff completed and signed a State Department "Evacuee Manifest and Promissory Note" Form DS-5528. [*Id.*]. Box 89 of this form states that:

> I understand that:
>
> (a) I will be billed for the cost of my/our transportation no greater than the amount of a full-fare economy flight, or comparable alternative transportation, to the designated destination(s) that would have been charged immediately prior to the events giving rise to the evacuation.
> (b) My obligation to repay my loan will not be considered paid in full until it clears through the account of the Treasurer of the United States.
> (c) Until I have paid my loan in full, I and all listed U.S. citizen family members will only be eligible for a limited validity U.S. passport.
> (d) If my loan is in default, I and all listed U.S. citizen family members will not be eligible for a limited validity U.S. passports.
> (e) My loan will be subject to interest, penalties, and other charges for late payment as directed by law and regulation.
> (f) I will be liable to pay any costs for collection.

[Doc. 35-1, pg. 2].

Approximately six months later, Plaintiff received a bill via mail for the flight "for something like $1,600." [Doc. 1, pg. 5]. Plaintiff mailed back a response disputing the amount as greater than a full-fare economy flight, and the Government did not reply. [*Id.*]. When he attempted to renew his passport and passport card on August 9, 2023, he was informed that they would not be issued as there was a hold due to a $2,500 debt with the Treasury that originated from the State Department. [*Id.*, pgs. 5-6]. Plaintiff attempted to contact both the Treasury Department and State Department numerous times to dispute the debt, to no avail. [*Id.*].

Plaintiff filed suit against both the Treasury Department and State Department, bringing

claims for extortion, violation of his constitutional right of his "liberty to travel," violation of his constitutional right to due process, and violation of the Administrative Procedure Act, 5 U.S.C. § 551 et seq. [*Id.*, pgs. 4-5]. These motions followed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must construe the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)), and dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. ANALYSIS

### A. Defendants' Motion to Dismiss [Doc. 34]

Defendants move to dismiss each of Plaintiff's four causes of action individually and also seek dismissal of all claims against the U.S. Department of the Treasury on the ground that it is

not a proper party. The Court will address the Treasury issue first, followed by Plaintiff's individual claims.

### i. Claims Against the U.S. Department of Treasury

Defendants argue that the Treasury Department is an improper party because its role is limited to collecting or offsetting debts owed to the State Department. Under 31 U.S.C. § 3711(g), federal agencies are required to transfer debts delinquent for over 180 days to the Treasury Department for collection. 31 U.S.C. § 3711(g); *see also* 22 C.F.R. § 34.8(b)(7)(i) (stating that if the debtor fails to pay or resolve a debt owed to the State Department, it may enforce collection through a Treasury offset). Once a creditor agency certifies that a debt is eligible for collection and that all due process protections have been met, the Treasury's obligation to collect the debt is mandatory. *Samuels v. Fed. Emergency Mgmt. Agency & U.S. Dep't of Treasury*, No. 222CV01088CASJCX, 2023 WL 4850734, at *9 (C.D. Cal. July 24, 2023).

It is the routine practice of federal courts to dismiss claims against the Treasury Department when its only role is collecting debts owed to other federal agencies. *See e.g., id.; Chambers v. Berryhill*, No. 3:19-CV-1062-K-BH, 2020 WL 5099829, at *11 (N.D. Tex. Aug. 12, 2020), *report and recommendation adopted sub nom. Chambers v. Soc. Sec., Admin.*, No. 3:19-CV-1062-K-BH, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020); *cf. Phillips v. Social Sec. Admin.*, No. 1:18-CV-324, 2019 WL 1438296, at *4 (N.D. Ind. Mar. 29, 2019) (dismissing claims against the Social Security Administration when it was not the agency the plaintiff owed a debt to).

The Treasury Department has "no statutory authority over the debt, nor any role in determining whether or not the debt was valid." *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008). "If a plaintiff disputes the outstanding debt, he must proceed against the agency to which he owes the debt." *Chambers*, 2020 WL 5099829 at *11. This is because the

obligation to provide due process rests with the creditor agency, not the agency tasked with disbursing or collecting funds. *Johnson*, 300 F. App'x at 862–63.

Plaintiff may pursue his claims, if at all, only against the State Department, to which the debt is owed. Because relief against the Treasury Department would be improper, all claims against it are **DISMISSED WITHOUT PREJUDICE**.

### ii. Extortion

Plaintiff's first cause of action is for extortion. He alleges that Defendants are attempting "to extort over $2,500 for something that should have been around $150" and are refusing to issue him a passport as "an unforgiving 'incentive'" to compel payment. [Doc. 1, pg. 5]. Plaintiff has not cited to any federal or state law under which this cause of action arises.

Extortion is a crime offense, and federal courts have consistently held that the federal extortion statutes do not create a private cause of action. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) ("With respect to the extortion claim, Plaintiffs have not identified a private cause of action under either federal or state law, and the Court is not aware of one."); *Hopson v. Shakes,* No. 3:12CV-722-M, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) (finding no private cause of action for extortion under the Hobbs Act); *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (same). The Sixth Circuit has likewise recognized that, absent express congressional authorization, criminal statutes do not give rise to private civil claims. *Am. Postal Workers Union v. Indep. Postal Sys. Of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (listing the limited circumstances in which private actions are allowed under criminal statutes). As there is no federal statute creating a private civil cause of action for extortion, this claim is **DISMISSED WITHOUT PREJUDICE**.

5

Case 3:23-cv-00336-DCLC-JEM    Document 52    Filed 12/17/25    Page 5 of 14
PageID #: 426

### iii. Substantive Due Process Violation

Plaintiff's second cause of action alleges a violation of his constitutional right to travel based on the denial of both a passport and passport card [Doc. 1, pg. 4]. The State Department has authority to refuse to issue a passport when an applicant has failed to repay emergency evacuation expenses. 22 C.F.R. § 51.60(c). The Court will evaluate Plaintiff's claim under a rational basis review.

Although the freedom to travel internationally is protected under the Due Process Clause of the Fifth Amendment, it is not a fundamental right equivalent to the right to interstate travel and is subject to reasonable governmental regulation. *Haig v. Agee*, 453 U.S. 280, 306 (1981). Courts consistently apply rational basis review to restrictions upon international travel. *Weinstein v. Albright*, 261 F.3d 127, 140 (2d Cir. 2001); *Eunique v. Powell*, 302 F.3d 971, 974 (9th Cir. 2002). Under this deferential standard, government action will be upheld so long as it is rationally related to a legitimate governmental interest. *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007).

Rational basis review "epitomizes a light judicial touch," *Tiwari v. Friedlander*, 26 F.4th 355, 361 (6th Cir. 2022), and statutes fail under this standard "only in rare or exceptional circumstances." *Am. Exp. Travel Related Servs. Co. v. Kentucky*, 641 F.3d 685, 689 (6th Cir. 2011). A plaintiff must negate every conceivable basis that might support the government's action, and if any plausible justification exists, the action survives constitutional scrutiny. *Id.* at 690 (citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

Though other courts have not yet contemplated a substantive due process challenge to the State Department's denial of passports due to unpaid evacuation flight fees, courts have upheld, on rational basis review, passport denials for similar reasons, such as delinquent tax debts and

unpaid child support. *See, e.g., Franklin v. United States*, 49 F.4th 429, 432 (5th Cir. 2022) (upholding a passport-revocation scheme for those with delinquent tax debts); *Maehr v. United States Dep't of State*, 5 F.4th 1100, 1122 (10th Cir. 2021) (same, under intermediate scrutiny); *Eunique v. Powell*, 302 F.3d 971, 975 (9th Cir. 2002) (upholding a similar passport-revocation scheme for unpaid child support). In those cases, courts emphasized the government's legitimate interest in collecting debts owed to it and the rational use of denying a debtor a passport as an incentive for repayment. *Franklin*, 49 F.4th at 438.

The same reasoning applies here. The government has a legitimate interest in recovering the costs of emergency evacuation flights. This interest is disclosed in advance: before boarding, passengers execute Form DS-5528, acknowledging their obligation to repay the cost of the flight and the consequence that failure to do so may result in not being eligible to receive a passport. Denying a passport to individuals who have not repaid the debt is rationally related to the government's interest in recoupment, as it provides a clear incentive for repayment. Because Defendant's actions are rationally related to a legitimate governmental interest, they satisfy substantive due process. Therefore, Plaintiff's second cause of action is **DISMISSED WITHOUT PREJUDICE**.

### iv.  Procedural Due Process Violation

Plaintiff's third cause of action alleges that Defendants violated his procedural due process rights when they failed to hold a hearing prior to denying his passport. Due process "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, (1985). To prevail on a procedural due process violation, a plaintiff must: (1) identify a protected liberty or property interest; and (2) demonstrate deprivation of that interest without due process of

law. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023). The right to international travel is a protected liberty interest. *See Haig v. Agee*, 453 U.S. 280, 306 (1981). But Plaintiff fails to demonstrate that the deprivation of his freedom to travel internationally was done without due process. He argues that Defendants' *pre-revocation* procedures were insufficient because Defendants did not provide a hearing before denying his passport. [Doc. 1, pg. 4-5 (stating the Constitution requires "due-process BEFORE depriving a liberty")].

In many circumstances a pre-revocation hearing is required, but the Due Process Clause does not require the government provide the same procedural protections for every deprivation of a property or liberty interest. *See Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands.") (internal quotation marks omitted, alteration in original). And the Supreme Court has directly stated that "the Government is not required to hold a prerevocation hearing" when revoking a citizen's passport. *Haig v. Agee*, 453 U.S. 280, 309 (1981). Rather, the due process required is "a statement of reasons and an opportunity for a prompt postrevocation hearing." *Id.* at 310; *see Hadwan v. United States Dep't. of State*, 139 F.4th 209, 225-26 (2d Cir. 2025) ("The State Department can formally revoke CRBAs or passports before providing a hearing, and it need only provide notice of the formal revocation," and "an ex post hearing."). There is nothing unconstitutional in the State Department's actions in denying Plaintiff's passport application without holding a hearing before doing so. Thus, this claim is **DISMISSED WITHOUT PREJUDICE**.

v. **Violation of State Department Regulations and the APA**

Plaintiff's fourth cause of action alleges that the State Department violated the Administrative Procedures Act ("APA") by denying his passport in contravention of its own regulations and by acting in an arbitrary and capricious manner [Doc. 1, pg. 5]. He asserts that

8
Case 3:23-cv-00336-DCLC-JEM    Document 52    Filed 12/17/25    Page 8 of 14
PageID #: 429

passport denials apply only to loans issued under the Repatriation Loan Program ("RLP") and not to evacuation flights, and that passport cards may be denied only to sex offenders—not evacuees. [*Id.*]. Defendants argue that the agency action at issue here was merely a hold placed on the issuance of Plaintiff's passport and that this is not a final agency action subject to judicial review. They further contend that the cause of action fails as a matter of law.

The Court need not consider whether the State Department's actions constitute final agency action because Plaintiff's claims fail on the merits. Under the APA, a court may set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Here, the State Department acted squarely within its regulatory authority. Under 22 C.F.R. § 51.60(c)(2),[1] the State Department may refuse to issue a passport[2] to an applicant who has not repaid a loan issued under 22 U.S.C. 2671(b)(2)(A) for the evacuation of the applicant. 22 C.F.R. § 51.60(c)(2). Plaintiff was evacuated pursuant to 22 U.S.C. 2671(b)(2)(A) and has not repaid the government for the cost of his flight. Before boarding, he executed Form DS-5528, the Evacuee Manifest and Promissory Note, which expressly provides that if the loan is in default, the individual "will not be eligible for a . . . U.S. passport[]." [Doc. 35-1, pg. 2]. Thus, the regulation

---

[1] Under 22 U.S.C. § 211a, the State Department is granted the authority to issue passports "under such rules as the President shall designate and prescribe." 22 U.S.C. § 211a. The President has delegated authority to prescribe rules governing passports to the Secretary of State. *See* Exec. Order No. 11295, 31 Fed. Reg. 10603 (Aug. 5, 1966). These rules are outlined in part in 22 C.F.R. § 51.60.

[2] The term 'passport' means "a travel document regardless of format issued under the authority of the Secretary of State attesting to the identity and nationality of the bearer." 22 C.F.R. § 51.1. This definition encompasses both traditional passport books and passport cards. Though Plaintiff argues that passport cards can only be denied to sex offenders, this definition confirms that the State Department may deny both passport books and passport cards under 22 C.F.R. § 51.60(c)(2).

and Plaintiff's own written agreement establish that the denial of his passport application was warranted under these circumstances and was not arbitrary or capricious.

While the Complaint only raises an APA cause of action with regards to the Defendant's denial of Plaintiff's passport, Plaintiff also appears to assert a second APA theory regarding the amount the agency billed him for the evacuation flight. He contends that "the State Department breached its own contract with Plaintiff by initially seeking approximately $1,600 for what should have been something closer to $150 as the signed 'contract.'" [Doc. 1, pg. 2]. Plaintiff contends the cost should be limited to "reimbursement … for an 'economy fare.'" [*Id.* at 5]. Upon a liberal construction of his pleadings,[3] Plaintiff appears to allege that the State Department's determination of the amount owed was arbitrary and capricious.

An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or" issued a decision that "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). On review of agency factfinding, judicial review is limited to the administrative record, *see* 5 U.S.C. § 706, and the burden is on plaintiffs to prove the particular manner in which the Service's actions are arbitrary and capricious. *City of Olmsted Falls, Ohio v. FAA,* 292 F.3d 261, 271 (D.C. Cir. 2002). Plaintiff has not provided any specific factual allegations to support his claim other than his personal opinion that $1,600 is more than what an

---

[3] Pro se pleadings must be liberally construed. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 437 (6th Cir. 2008); see also Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985) ("[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief") (internal quotation marks and citations omitted).

economy fare would cost. [Doc. 1, pg. 5]. This is insufficient to support an arbitrary and capricious claim.

As a result, Plaintiff's APA claims fail as a matter of law and are **DISMISSED WITHOUT PREJUDICE**.

### B. Third Motion for Injunctive Relief [Doc. 33]

Because the Court has determined that Plaintiff has failed to state a claim for which relief can be granted, Plaintiff's motion for injunctive relief is **DENIED AS MOOT.**

### C. Motion for Contempt of Court and Sanctions [Doc. 46]

Plaintiff moves for sanctions against Defendants' current and former counsel on two grounds: first, the Court ordered the parties to confer before filing any motions to dismiss and to complete the magistrate jurisdiction form, and, after failing to confer, Defendants filed a motion to dismiss; and second, Defendants' counsel filed or knowingly allowed to be filed documents containing false information that the parties had conferred. As the Defendants demonstrate in the exhibits to their response to this motion [Doc. 47], counsel properly conferred with Plaintiff on the topics ordered by the Court, and neither ground cited by Plaintiff supports sanctions.

On March 14, 2025, the Court ordered the parties to confer and to return the magistrate judge jurisdiction consent form. Plaintiff had previously stated that he did not consent to magistrate judge jurisdiction. See Notice of Violations of Court Rules [Doc. 15 at 1] ("Plaintiff has not nor does he give consent to the use of a magistrate judge in this matter."). Following the Court's order, Defendants made multiple attempts to confirm Plaintiff's position. [Doc. 47-1 at pgs. 13, 16, 18]. In one response, Plaintiff stated that he would not consent to magistrate judge jurisdiction if Defendants maintained that the approximately $1,500 evacuation charge was legitimate. [*Id*. at 16]. Defendants subsequently advised that they believed the charge was supported by evidence

and confirmed that the parties did not agree on magistrate judge jurisdiction. [*Id*. at 13]. Plaintiff contends that Defendants falsely represented his position to the Court. The record shows otherwise. Plaintiff clearly expressed his non-consent, and the Notice of Non-Consent filed by Defendants accurately reflected that position.

Defendants also conferred on all relevant issues and causes of action in the case prior to filing the motion to dismiss. The Court ordered the parties to confer to determine whether a motion to dismiss could be avoided by an amended complaint. [Doc. 3]. On February 21, 2025, Defendants emailed Plaintiff, informing them of their position on each of his causes of action and stating that Plaintiff could potentially avoid a motion to dismiss on his fourth claim through an amended complaint. [Doc. 34-1, pgs. 10-11]. After some back and forth on the relevant laws on passports, Plaintiff replied, "Very well, understood regarding my claims." [*Id.*, pg. 1]. Defendants filed their motion to dismiss on March 13, 2025. [Doc. 34].

Because the record establishes that Defendants complied with the Court's orders and Plaintiff has identified no factual basis for sanctions, Plaintiff's motion is **DENIED**.

D.     **Second Motion for Recusal [Doc. 48]**

Plaintiff's second motion for recusal largely reiterates the same grounds for recusal raised in his first motion—that the Court has not ruled on his motions at the speed he desires. In addition, Plaintiff now suggests that the undersigned was necessarily biased in ruling on the first motion for recusal.

As the Court previously explained, "[r]ecusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (citations omitted). Put differently, the facts must "be such as would 'convince a reasonable man

that a bias exists.'" *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quoting *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)). "A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Id.* (quoting *Oliver v. Michigan State Bd. of Ed.*, 508 F.2d 178, 180 (6th Cir. 1974)).

Further, "[d]elay is not a basis for recusal." *Clinton v. Harrison*, No. 2:24-cv-02171, 2025 WL 44145, at *2 (W.D. Tenn. Jan. 7, 2025); *see also Qualls v. United States*, No. 07-CR-14 (DLI), 2018 WL 1513625 (E.D.N.Y. Mar. 27, 2018) ("Delays in entering judgment or rendering a decision are not bases for recusal."). Plaintiff has not explained how the perceived delay in ruling on his motions demonstrates bias, particularly as Plaintiff's own failure to properly serve the Defendants caused a majority of the delay in this case, *see* Doc. 28 (noting Plaintiff failed to properly serve the Defendants in February 2025 when his Complaint was filed in September 2023), and the Court has twice denied his earlier motions for injunctive relief. [Docs. 7, 28].

Moreover, it was proper for the undersigned to rule on the first motion for recusal. The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley*, 853 F.2d at 1356 (alteration in original) (citation omitted). "Although a trial judge faced with a section 455(a) recusal motion may, in her discretion, leave the motion to a different judge, no reported case or accepted principle of law compels h[im] to do so." *In re United States (Lorenzo Munoz Franco, et al.)*, 158 F.3d 26, 34 (1st Cir. 1998) (internal citations omitted); *see also Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428 (W.D. Ky. Apr. 15, 2025) ("It is proper for the challenged judge to rule on the motion for recusal

to determine whether it is legally sufficient."). Thus, the Court finds the allegations do not support recusal and this motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 34] is **GRANTED**. Plaintiff's Third Motion for Injunctive Relief [Doc. 33], Motion for Contempt of Court and Sanctions [Doc. 46], and Second Motion for Recusal [Doc. 48] are **DENIED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
